# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN ADON SOLOMON, JR.,

      Petitioner,                       Civil Case No. 13-10640
                                                  Crim. Case No. 11-20287

v.                                                   Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## UNDER 28 U.S.C. § 2255 TO MODIFY SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        April 20, 2016       

PRESENT:    Honorable Gerald E. Rosen
                          United States District Judge

     On March 8, 2012, Petitioner John Adon Solomon, Jr. was sentenced by this Court to a 27-month term of imprisonment, followed by a three-year term of supervised release. Through the present *pro se* motion, Petitioner requests that the Court modify his sentence so that he may be placed in a residential re-entry center or in home confinement. Although Petitioner states that this motion is brought under 28 U.S.C. § 2255, he emphasizes that he is not seeking a reduction in his sentence, nor does he claim that his conviction or sentence are unlawful in any

respect.

As observed in the Government's response, Petitioner's motion must be denied as moot. By the time the Government responded to Petitioner's motion in accordance with an order of this Court, Petitioner had completed the term of imprisonment imposed in the March 2012 judgment of conviction. Thus, to the extent that Petitioner seeks in the present motion to modify this portion of his sentence, the Court can no longer grant this relief. Likewise, the Court can no longer modify the term of supervised release imposed in the March 2012 judgment of conviction, in light of a subsequent April 24, 2015 judgment in which the Court revoked Petitioner's supervised release and imposed a 24-month term of imprisonment due to Petitioner's violation of several conditions of his supervised release. Accordingly, because each of the elements of relief sought in Petitioner's motion is no longer available, the Court denies this motion as moot.[1]

---

[1] Even if Petitioner's motion were not subject to denial on this ground, the Government correctly observes that the Court lacks the authority to grant the relief sought in this motion. First, the statute under which Petitioner brought his motion, 28 U.S.C. § 2255, does not provide a vehicle for granting the sentence modification he seeks, where Petitioner does not claim that his March 2012 judgment of conviction was unlawful in any sense. *See United States v. Jalili,* 925 F.2d 889, 893-94 (6th Cir. 1991); *United States v. Blessing,* No. 02-80008, 2008 WL 244027, at *1-2 (E.D. Mich. Jan. 28, 2008). Next, while the Government points to a different statutory provision, 18 U.S.C. § 3582(c), that confers the authority under some circumstances to modify a term of imprisonment, the Government correctly notes that no such circumstances are presented here. Finally, to the extent that Petitioner sought an order of this Court designating the place at which he was to serve the (now expired) term of imprisonment imposed in the March 2012 judgment of

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's February 14, 2013 motion under 28 U.S.C. § 2255 to modify his sentence (docket #22) is DENIED.  Next, in the event that Petitioner might elect to appeal from this ruling, the Court finds that a certificate of appealability should be DENIED as to the claims asserted in Petitioner's motion, for lack of a substantial showing of the denial of a constitutional right.

s/Gerald E. Rosen<br>United States District Judge

Dated:  April 20, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2016, by electronic and/or ordinary mail.

s/Kim Grimes<br>Case Manager Supervisor,<br>Acting in the absence of Julie Owens,<br>Case Manager

---

conviction, the Bureau of Prisons has been granted the sole discretion to make this determination.  *See* 18 U.S.C. § 3621(b); *see also Jalili,* 925 F.2d at 892-93.